[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 28, 2006
THOMAS K. KAHN
CLERK

--------------------------------------

No. 06-11957
Non-Argument Calendar

--------------------------------------

D.C. Docket No. 05-00413-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC CORTES,

Defendant-Appellant.

----------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------

**(November 28, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Isaac Cortes appeals his 135-month sentence imposed after he pled guilty to (1) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United

States, in violation of 46 App. U.S.C. § 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

Cortes asserts that the district erred in denying him a minor role reduction pursuant to U.S.S.G. § 3B1.2(b). He contends that he was less culpable than the other persons found on the boat (which was carrying 269 bales of cocaine) because he (1) did not plan the smuggling operation, (2) had no authority over the smuggled drugs or the boat's other crew members, (3) did not know the source, destination, or kind of drugs on the boat, (4) had not participated in other drug smuggling operations, and (5) only assisted loading the drugs onto the boat. Cortes also argues that he was a minor participant because he did not finance the smuggling operation nor have a proprietary interest in the smuggled drugs.

We review for clear error "a district court's determination of a defendant's role in the offense." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less culpable than most other participants, although his role could not be described as minimal." United

2

States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002). The defendant has the burden of establishing his role by a preponderance of evidence. De Varon, 175 F.3d at 939.

We have set out two elements that inform the sentencing court's determination about a defendant's role in an offense: (1) the defendant's role in the relevant conduct for which he has been held accountable and (2) the defendant's role as compared to that of other participants in his relevant conduct. Id. at 940. About the first element, De Varon explains that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second element, De Varon counsels that this relative culpability inquiry includes "only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. The first element is the more important and, in many cases, may end the inquiry. See id. at 945.

The district court committed no clear error in determining that Cortes's role in the offense was more than minor. About the first element, Cortes's sentence was based only on the relevant conduct for which he was held accountable at

3

sentencing: the 269 bales of cocaine seized from the drug smuggling boat. He was held accountable for no larger quantity. And the district court correctly pointed to the boat's large drug quantity in denying Cortes a minor role reduction. See id. at 943 (noting that, in the drug courier context, the amount of drugs is a "material consideration" in assessing a defendant's role in his relevant conduct). About the second element, Cortes was one of only nine persons on the boat, which was carrying a very large cocaine delivery. He has failed to show that he was "less culpable than most other participants in [his] relevant conduct," id. at 944; and we see no clear error in the district court's refusal to apply a minor role reduction in this case.

Cortes next argues that his sentence was unreasonable under the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). He contends that, in determining his sentence, the district court failed to consider information on the factors provided at 18 U.S.C. § 3553(a), including that he has a wife and three children in Colombia, does not have a prior criminal history, and lacks education and money. In addition, he asserts that the district court failed to consider sufficiently the need to avoid unwarranted sentencing disparities because he and the drug representative on the boat each received a sentence of 135 months'

4

imprisonment, which was longer than the sentence that one of Cortes's co-defendants -- who was also a mariner on the smuggling boat -- received.

Cortes was sentenced after the Supreme Court issued its decision in Booker; so we review his sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). A sentence within the advisory Guidelines range is not per se reasonable, United States v. Talley, 431 F.3d 784, 787 (11th Cir. 2005); but "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Id. at 788. Reasonableness review is "deferential." Id.

We conclude that Cortes's sentence was reasonable. The district court correctly calculated his Guidelines range as 135 to 168 months' imprisonment;

and the court sentenced Cortes to the lowest point of that range.[1]  In addition, in sentencing Cortes, the district court noted the section 3553(a) factors, commenting in particular on Cortes's poverty and the large amount of drugs involved in this case.  The district court judge was not required to discuss all of the section 3553(a) factors at the sentencing hearing.  See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors").  And nothing in the record convinces us that Cortes's sentence was unreasonable in the light of the section 3553(a) factors.[2]

AFFIRMED.

---

[1]Except for disputing the district court's decision not to apply a minor role reduction to his sentence, Cortes does not challenge the district court's calculation of his Guideline range.

[2]The government asserts that, although Cortes asked the district court to sentence him below his Guidelines range based on application of the section 3553(a) factors, his failure to object after sentencing -- either that his sentence was unreasonable or that the district court did not consider properly the section 3553(a) factors in determining his sentence -- indicates that we should review Cortes's challenge to the reasonableness of his sentence only for plain error.  We need not decide this issue because, even under a reasonableness standard, Cortes's appeal fails.